## INHABITANTS OF WHATELY *vs.* COUNTY COMMISSIONERS OF FRANKLIN.

Where a town has due notice of the application of individuals to the county commis-sioners for the alteration of a road within the town, alleged, in such application an l in all the procedings thereon, to be a highway, and also has due notice of the pro-ceedings of the commissioners in directing specific repairs to be made on said roa d by the town, and does not object that said road is a town way and not a highwa*j*, until after the commissioners have caused such repairs to be made, upon the negle.ct of the town to make them as ordered, and after the town is served with notice to show cause why a warrant of distress should not issue against the inhabitants of the town for the collection of its proportion of the expense of such repairs ; a wri.t of *certiorari* will not be granted to remove the records of the commissioners, on the ground that the road was a town way, and that they therefore had no jurisdiction. Nor will a writ of prohibition be granted to restrain the commissioners from issuing such warrant of distress.

PETITION for a writ of prohibition. It was alleged in the petition, that the county commissioners of Franklin (the respondents), on the 25th of April, 1838, ordered the inhabitants of the town of Whately (the petitioners) to make certain specific repairs on a road in said town, asserted by the respondents to be a public highway or county road : That the petitioners never appeared before said commissioners in any of the proceedings which resulted in said order, nor at the time when said order was made : That sa'd commissioners, on the first Tuesday of March, 1840, issued an order to the petitioners, *r* eciting

that they had neglected to make said repairs, and that the commissioners had therefore caused them to be made and paid for by the county, and directing the petitioners to appear before said commissioners on the second Tuesday of June then next, to show cause why a warrant should not issue against them for the sum thus expended by the county, with ten per cent. interest and cost thereon : That the petitioners appeared before said commissioners at the time aforesaid, and that the process was continued from time to time until the 7th of September, 1840, when the petitioners offered to show, as cause why said warrant should not issue, that the said road was not a county road, but a town road, and that said commissioners had no jurisdiction thereof : That the petitioners then produced and offered evidence to prove that said road was a town road, which evidence the said commissioners refused to receive ; and that the commissioners also refused to grant to the petitioners a continuance, which they requested, to enable them to procure further evidence in the premises, but directed that a warrant of distress, as aforesaid, should issue against them.

For these causes, the petitioners prayed that the court would " issue its writ, prohibiting and restraining the said commissioners from issuing said warrant, and superseding and inhibiting the further service of said warrant, if already issued, until the legality of their proceedings, in directing said repairs, and their right by law to issue such warrant, shall be determined upon a petition for *certiorari*, which these petitioners have made to this court, returnable at the April term, 1841, at Greenfield." The petitioners also averred, that upon the hearing of said petition for a writ of *certiorari*, they expected " to prove that said road was a town road ; that evidence to this effect was improperly excluded by said commissioners ; and that said commissioners assumed jurisdiction of said road without ever having had any evidence of their right to jurisdiction over the same."

To this petition the respondents filed an answer, in which they set forth all their proceedings in the premises, from the commencement thereof to the time of their ordering said war

rant of distress. The facts contained in this answer sufficiently appeal in the opinion of the court.

The provision of the Rev. Sts. *c.* 24, § 7, on which this question arose, is this : " Whenever upon *any* petition for laying out or altering a *highway*, the commissioners, after having viewed the same, and heard all persons interested, shall be of opinion that the existing highway between the termini mentioned in the petition, can be so far amended, as to supersede the necessity of laying out a new highway, or altering the location of existing ways, they may, after due notice to the towns interested, direct specific repairs to be made in such existing ways, in such manner as the public convenience shall require ; and they shall apportion the expense thereof upon the county and towns, respectively, as in the case of *laying out* highways."

*Wells* and *Davis*, for the petitioners.

*Grennell* and *Aiken*, for the respondents.

DEWEY, J. This case comes before us upon a petition from the inhabitants of Whately, praying for a writ prohibiting the respondents from issuing, or, if they have already issued, from enforcing, a warrant of distress against the petitioners for the amount of certain expenditures made under the order of the respondents, in the amendment and repair of a certain road in the town of Whately. The ground of the application is, that the proceedings of the respondents, which are the foundation of the warrant of distress, and the only authority upon which it can be justified, were erroneous and illegal, and such as this court would quash, if brought before them on a writ of *certiorari*. The substantial inquiry is, therefore, whether on a petition for a *certiorari*, this court would order a writ of *certiorari* to issue, and, upon its return, would vacate the proceedings of the county commissioners.

The application for a *certiorari* is always addressed to the sound discretion of the court. It is to be granted, not as a matter of right, for the purpose of enabling a party to reverse proceedings for mere errors of form, or technical objections, but only where substantial injustice has been done to the party seeking redress. The time also of making the application for

a *certiorari*, and the whole circumstances of the case, and particularly the consequences resulting from a reversal of the proceedings, have a material influence upon the action of the court in such cases. While the parties are so situated that the proceedings may be quashed and the parties be left substantially as before the institution of the proceedings, the court will more readily authorize the record of the proceedings of an inferior tribunal to be brought before them, and subjected to a strict legal scrutiny. But, as a general rule, applications for a *certiorari* are not to be granted where a party, with full knowledge of the course of the proceedings, by his own laches, has neglected to avail himself of the proper opportunity to arrest the action of the inferior tribunal, while the case was in its incipient stages, and before any mischievous consequences would result from setting aside the proceedings. The parties are not to lie by and permit great expenditures to be incurred thereby, the benefits of which they will, to some considerable extent enjoy, and then avoid all responsibility for the payment of those expenditures, by quashing those proceedings, under which the expenditures were ordered.

The effect of a waiver of exceptions to the validity of pro ceedings, which might otherwise have been successfully insisted on, through neglect to urge them at the proper period, is of familiar application in all petitions for *certiorari*, and particu larly so in cases of exceptions taken to the laying out of high- ·ways. Thus, in reference to the subject of notice to the town interested in the proposed location of a highway, although there had been a plain and obvious defect, in not complying with the statute provisions as to notice of the time of making the location, yet it was held that this defect might be waived by the conduct of the party interested, and that, in such case, it was too late to take the exception after the road was actually made, and heavy expenditures had been made. *Rutland* v. *County Commissioners of Worcester*, 20 Pick. 71. Upon a similar application for a *certiorari* in the case of *Freetown* v. *County Commissioners of Bristol*, 9 Pick. 51, the court say " towns or individuals whose interests may be affected by the opening of a new

road, ought not to lie by and withhold their objections until great expense has been incurred, and then apply to this court to rip up the whole proceedings." In both these cases, as in the case at bar, the road had been already constructed at great expense, and manifest injustice would result from quashing the proceedings, as the parties could not be placed *in statu quo*. So also if one of the commissioners, who acts in laying out a highway, be disqualified by his place of residence, or by reason of an interest in the subject matter, and a party, knowing this fact, does not take the exception until after the road is established, this is a waiver of the objection. *Ipswich* v. *County Commissioners of Essex*, 10 Pick. 519 ; and the same principle has been applied to the case of exceptions to the competency of the officer presiding in a hearing before a jury called to revise the doings of the commissioners. *Merrill* v. *Inhabitants of Berkshire*, 11 Pick. 269.

Upon recurring to the facts disclosed by the petition and the answer of the respondents thereto, it appears that the county commissioners of Franklin, on the application of sundry persons, of whom a large number were inhabitants of Whately, representing that a certain county road in said Whately, particularly described in the application, needed alteration or amendment, appointed a time and place for viewing the road and hearing all parties interested ; having first given notice to the town of Whately, in the manner prescribed by law, by a service of a copy of the petition on the town clerk, and by posting up copies of the same in two public places in said town. The meeting of the commissioners was, agreeably to the notice, held in the town of Whately, for the purpose of hearing the parties and adjudicating upon the prayer of the said petitioners for the alteration or amendment and repair of said road. At this meeting, although many of the inhabitants of Whately, and among them one or more of the selectmen, were present, yet no objection was made to the authority of the commissioners to adjudicate on the subject of the petition, nor any question raised before them, by the town of Whately or any of its inhabitants, as to the fact, alleged in the application to them, that the road, upon which

these amendments and repairs were asked, was a county road, though in the notice served upon said town, and in the public notices posted up in said town, it was described as a county road or public highway, and, as such, the commissioners were requested to order amendments and repairs upon it.

After the view and hearing under this order of notice, the commissioners, at their next regular meeting, adjudicated that the public convenience required that certain specific repairs should be made in said highway, and appointed a time and place for proceeding to specify and direct the nature and extent of said repairs ; of which meeting, and the purpose thereof, due notice was given to the town of Whately, and in this notice the road was again described as a county road or public highway. At this meeting, which was also held in the town of Whately, and at which were present two of the selectmen of said town, no objection was interposed to the commissioners' proceeding to specify and direct the amendments and repairs to be made on said road, upon the ground that said road was a town way and therefore not within the jurisdiction of the commissioners, under the petition which had been presented. Nor did the town of Whately, at the next meeting of the commissioners, when the proposed amendments and repairs were finally adjudicated upon and ordered, appear and object to said adjudication. It also further appears that in pursuance of said adjudication and order of the commissioners, said town proceeded to make the amendments and repairs upon one of the three sections of said road, upon which repairs were ordered to be made ; and it was not until after the commissioners had, in pursuance of the Rev. Sts. c. 24, § 44, in consequence of the neglect of the town to make said repairs on the two remaining sections of said road, caused the same to be made under their direction, and the expenses thereof to be paid from the county treasury, that said town or any of its inhabitants made the objection now taken, that the road, thus amended and repaired, was a town way, and that, for this cause, the town was not liable to be charged with the expenses incurred in making the said repairs.

The facts here stated certainly show great laches on the part

29 *

of the inhabitants of Whately in not raising the objection, now presented, before the commissioners had made their adjudication granting the prayer of the petitioners for these repairs, and before heavy expenditures had been made under said adjudication ; and such laches as should, within the principles already stated, debar them from asking the aid of the court to arrest the proceedings in this stage, unless there has been such an obvious want of jurisdiction of the subject, in the tribunal whose proceedings we are called upon to annul, as to excuse all laches, and to justify the town of Whately in entirely disregarding all the mandates of the commissioners in reference to it, in the earlier stages of the case.

The further inquiry then is, whether the commissioners had such a case before them as would authorize them to entertain jurisdiction thereof. The petitioners for the writ of prohibition insist that the commissioners had no such jurisdiction, inasmuch as the provision of the Rev. Stats. c. 24, § 7, under which this application was made to them, applies only to county roads or public highways, and not to a town way, which they allege this to have been.

If the original petition, which was the foundation of all the subsequent action of the commissioners, had described the road as a town way, and had requested the commissioners to direct amendments and repairs upon the same, under the description of a town way, and thereupon the commissioners had directed the proceedings now complained of and sought to be reversed, the case would have been, on the face of it, one foreign from their jurisdiction ; and this objection might be well urged, perhaps, at all times, by those whose rights were affected by such proceedings. But it is to be remembered that, in the case before us, the petition to the commissioners represented " that the county road in Whately, leading &c. needed reparation and alterations," and prayed that the commissioners would proceed to order the same. It was upon a petition for the amendment of this road, thus described and alleged to be a " county road," that jurisdiction was assumed by the commissioners, and an order of notice issued. In the notice served upon the clerk of the

town of Whately, and in the notice posted up in two public places in that town, requiring the inhabitants thereof to show cause why the prayer of said petition should not be granted, it was described as a county road. It was upon this petition for the amendment of a county road, that the commissioners subsequently adjudged that the public convenience required certain amendments, and ordered a further notice of the time and place appointed for their proceeding to direct the specific repairs to be made ; and in the service of this notice upon the inhabitants of Whately, the road was again described as a county road ; and in the entire proceedings on the part of the commissioners, it has been described and acted upon as a county road or public highway. The commissioners, therefore, having this apparent jurisdiction of the case, if the town of Whately would have arrested their further proceedings upon the same, on the ground that this was a town way, and, as such, not under their supervision, except upon *application made by said town*, as provided by the Rev. Sts. *c.* 24, § 9 ; it was the duty of the town to have presented this objection, before the commissioners had proceeded to adjudicate upon the question of the expediency of ordering amendments, and directing the specific amendments, or, at least, before those amendments had been in fact made. It was a preliminary question, and one which might properly have been raised by the town ; and if thus raised, and sustained by the facts, would have required the commissioners to dismiss the petition ; or if, upon the preliminary question, they had decided erroneously in matter of law, this court would, upon the proper application, have corrected the error. But the inhabitants of Whately, being in the first instance duly cited to appear and show cause why the prayer of the petition for the amendment of the road should not be granted, and being subsequently notified to appear at the time appointed for adjudicating and directing the specific repairs, they were substantially called upon to deny the allegation of the petitioners that the road, described in the petition, was a county road ; and upon their default and neglect to interpose this objection, the commissioners might well presume that the road was correctly described as a county road,

and that, as such, they might proceed to adjudicate upon the expediency of the repairs, and order the same to be made.

We do not perceive why this view of the subject will not be found to be sound in principle, and such as will sufficiently secure the rights of towns, or other parties in interest, requiring of them only the usual vigilance that is requisite in arresting other proceedings which may be avoided by a proper defence made at a suitable stage of the proceedings, but which, if sanctioned by their silence and default, may ripen into judgments affecting their rights.

The original jurisdiction of the commissioners upon the petition, in the form in which it was presented, describing the road as a county road, was well warranted, subject to its being defeated, if, upon the hearing before them, it appeared that the allegation that this was a county road was not sustained. The case of the petitioners for a writ of prohibition is therefore to be decided upon the general principles, applicable to other cases where the party, having a legal defence, neglects to avail himself of it at the proper period, and afterwards seeks the aid of this court in the form of a petition, addressed to its sound discretion, to grant him the opportunity to reverse the proceedings.

In this view of the question submitted to us, the case of the petitioners does not present itself under favorable circumstances for granting the relief prayed for. The effect of these proceedings by the county commissioners, which the petitioners would now quash as erroneous, has been to cause an expenditure of a large sum of money in the amendment of a road in the town of Whately, and, as the petitioners now before us allege, upon a town way laid out particularly for the use of the inhabitants of that town. Such expenditure could have been ordered by the commissioners only upon the assumption that this was a county road or public highway. But the effect of quashing the proceedings would be to leave the inhabitants of Whately in the full enjoyment of all the benefit of the amendments and repairs of the road, and yet discharge them from the burden of paying for these expenditures. It is obvious, therefore, that the parties will not, if the proceedings are quashed, be placed *in statu quo*

It is peculiarly one of those cases where the mischievous consequences of setting aside the proceedings of an inferior tribu ral should have their proper influence and effect upon the decision of a question in which the court are to exercise a judicial discretion.

Upon the whole matter, the court are of opinion that the application for a writ of prohibition must be denied.